UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80479-CIV-MARRA

ALVIN GELFOUND, individually and on
behalf of all those similarly situated,

    Plaintiff,

vs.

METLIFE INSURANCE COMPANY OF
CONNECTICUT,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 4). Plaintiff responded (DE 11), and Defendant replied (DE 17). Plaintiff filed a Notice of Supplemental Authority (DE 20), to which Defendant responded (DE 21). Thereafter, the parties were ordered to brief the choice-of-law issue, and the parties complied (DE 39, 40). The Court has considered the briefing and is otherwise fully advised in the premises.

**I. Background**

Plaintiff Alvin Gelfound initiated this case in state court, and Defendant removed it on the basis of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1441 and 1453. (DE 1). Plaintiff [1] alleges that in 1992 he purchased a long-term care Policy ("Policy") from Travelers. Compl. ¶ 4, Ex. A (DE 1-1). MetLife later acquired Travelers. Compl., ¶ 6. Plaintiff's Policy covered a Daily

---

[1] Unfortunately, Alvin Gelfound passed away while this case has been pending. Linda M. Margolius, the Personal Representative of the Estate of Alvin Gelfound, has been substituted as the named Plaintiff in this case. (DE 36). However, the Court will continue to refer to Alvin Gelfound as Plaintiff.

Benefit Amount for confined care of $100.  Compl., Ex. A.  It also included an "Annual 5% Benefit Inflator Rider" ("Rider").  Compl., Exh. C. (DE 1-1).  MetLife charged Plaintiff an additional premium for the Rider.  *Id.*  Under the Rider, Plaintiff's Daily Benefit Amount for confined care was to be increased by 5% on each anniversary date of the Policy.  *Id.*  The Rider further has specified that the "increases to the Daily Benefit Amounts will not be provided on or past the Policy Date anniversary on which the Insured is age 86."  *Id.*  The Rider was to terminate on the earliest of:

> 1. Termination of the basis contrast; or
> 2. Failure to pay any premium due for this Rider and the basic contract; or
> 3. The next anniversary of the Policy Date after [the Insured] request[s] termination of this Rider; or
> 4. The date the Policy Maximum, excluding any increases under this Rider, is reached.

*Id.*

Plaintiff turned 86 years old on March 18, 2010, and stopped receiving the Daily Benefit Amount increases as of July 9, 2010.  Compl., ¶16.   The Complaint alleges that thereafter MetLife continued to charge Plaintiff premiums for the Rider.  *Id.*, ¶ 18.  Plaintiff terminated the Rider in 2012, after he had paid $1,583.08 in additional premiums during the period when Plaintiff no longer was receiving any benefit under the Rider.  *Id.*, ¶ 24.  Thus, Plaintiff alleges that MetLife breached the insurance contract (Count I) and was unjustly enriched (Count II).

In the Motion presently before the Court, MetLife argues that the Complaint must be dismissed because the terms of the Policy did not provide for the termination of the premiums for the Rider after the insured turned 86 years old, and because the rates MetLife had charged had been approved by the state regulators.  Further, MetLife contends that the unjust enrichment claim cannot succeed because the parties had a contractual relationship.

## II. Legal standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. Discussion

MetLife asserts that it complied with the contract because the terms of the Policy did not provide that payment of the premiums for the Rider should cease after the insured turned 86. Rather,

the Policy provides that the Rider will terminate upon the insured's request, and MetLife, in fact, terminated the Rider and stopped charging the premiums after Plaintiff had requested termination.

"An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *see also Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (Va. 2009); *Keller v. Beckenstein*, 979 A.2d 1055, 1062 (Conn. App. Ct. 2009).[2] Defendant's failure to perform must go to the essence of the contract to constitute a material breach. *Sublime, Inc. v. Boardman's Inc.*, 849 So. 2d 470, 471 (Fla. 4th DCA 2003).

Here, Plaintiff has pled that a valid contract existed; that Plaintiff did not receive the 5% annual inflation of the Daily Benefit Amount after he turned 86 years old while still paying the premiums for the Annual 5% Inflator Rider; and that Plaintiff suffered damages as a result. Thus, Plaintiff has sufficiently pled his breach of contract claim.

MetLife argues that the "filed rate" doctrine bars Plaintiff's claims. The "filed rate" doctrine forbids a regulated entity to charge rates other then the rates approved by the regulator. *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1315 (11th Cir. 2004). It also bars consumers' claims that would undermine the regulator's rate-setting authority by challenging the rate that the regulator had approved. *Id.* at 1317. Even a claim, which on its face does not challenge reasonableness of the rate but nevertheless seeks purely monetary damages, may be barred by the "filed rate" doctrine. *Id.* (claims that defendant misrepresented the rates were barred). This is so because awarding a refund would, in essence, amount to a finding that the regulator-approved rate

---

[2]The Court has requested briefing on the issue of the applicable law, but finds that it is unnecessary to decide this now.

was unreasonable. *Id.* The "filed rate" doctrine is applicable in the context of insurance. *McKenzie v. Progressive Auto Pro Ins. Co.*, 2:06-CV-238FTM99DNF, 2007 WL 1079201, at *2 (M.D. Fla. Apr. 9, 2007); *see also* Vonda Mallicoat Laughlin, *The Filed Rate Doctrine and the Insurance Arena*, 18 Conn. Ins. L.J. 373, 386 (2012).

However, the "filed rate" doctrine does not bar claims that allege that the rates have been applied in an incorrect manner, or claims brought to enforce a contract that contained an approved rate. *See Randleman v. Fid. Nat. Title Ins. Co.*, 465 F. Supp. 2d 812, 823 (N.D. Ohio 2006) ("Plaintiffs are not challenging the reasonableness of the filed rate, but instead attempt to enforce a contract incorporating a filed rate"); *Richardson v. Standard Guar. Ins. Co.*, 853 A.2d 955, 967 (N.J. Super. Ct. App. Div. 2004) ("the filed rate doctrine does not preclude a consumer from suing for damages by having been deprived of benefits which were promised, and were consistent with the filed rate, but were not delivered"); *see also* Vonda Mallicoat Laughlin, *The Filed Rate Doctrine and the Insurance Arena*, 18 Conn. Ins. L.J. 373, 405 (2012).[3]

Here, Plaintiff does not challenge the amount of premiums charged. Rather, Plaintiff argues that the premiums should not have been charged at all after he turned 86 because MetLife ceased to provide any benefit in exchange for the payments. The "filed rate" doctrine does not bar Plaintiff's

---

[3]The issue whether the "filed rate" doctrine barred the claims that challenged the timing of a rate change was recently before the Eleventh Circuit. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 679-83 (11th Cir. 2014). However, the Court did not reach that question. *Id.* Nevertheless, the Eleventh Circuit stated that the breach of contract claim failed regardless of whether the "filed rate" doctrine applied because the insurer's lateness in implementing the legislature-mandated rate change did not violate any terms of the insureds' contract. *See id.* at 683, n. 4. This case is, however, different because it presents a question whether the terms of the Rider authorized MetLife to continue charging premiums after Plaintiff no longer could receive the annual increase in the Daily Benefit Amount.

claims.

Lastly, plaintiffs are generally allowed to plead in the alternative.  Fed. R. Civ. P. 8(d)(3); *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief").  Thus, at this stage, Plaintiff shall be allowed to proceed with the unjust enrichment claim.

Accordingly, Defendant's Motion to Dismiss (DE 4) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of February, 2014.

_____
KENNETH A.  MARRA
United States District Judge